United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDA MENJIVAR, | No. C 06-03086 SI |
| Plaintiff, | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| TROPHY PROPERTIES IV DE, LLC, et al., | |
| Defendant. | |

Counsel for plaintiff Aida Menjivar has filed a motion for preliminary injunction, which is currently scheduled for a hearing on September 8, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument and accordingly VACATES the 9:00 a.m. hearing. **The case management conference scheduled for 2:00 p.m. on September 8, 2006 remains on calendar**. For the reasons set forth below, the Court DENIES the motion for preliminary injunction, but counsel should be prepared to discuss at the case management conference several issues related to the motion for preliminary injunction, as set forth *infra*.

**BACKGROUND**

Plaintiff Aida Menjivar is a long-term tenant in a building recently acquired and currently managed by defendants Trophy Properties IV DE, LLC, Trophy Properties V, LLC, CITICAPARTMENTS, Inc., Andrew Hawkins, Kathryna Leshay, Ernest Aranda, Dan Molieri, and DOES "Agi" and 1 through 100 inclusive. Plaintiff alleges that since June 2005, defendants have engaged in a pattern of criminal harassment designed to force plaintiff out of the subject premises, a rent controlled property, in order to re-rent it at market rates. The alleged harassment has taken several

forms, including repeated attempts to force plaintiff to sign new "House Rules" that materially conflict with her lease agreement, cashing several of plaintiff's rent checks at once, after a long delay, in order to provoke a technical non-payment of rent, threatening legal action for being $0.20 short on five rent checks, and making several allegedly improper entries into plaintiff's apartment. Plaintiff's First Amended Complaint ("FAC") ¶¶ 36-71.

The motion before the Court addresses this last form of alleged harassment; plaintiff seeks to enjoin defendants from "entering Plaintiff's dwelling . . . under the pretext of a 'nuisance,' 'life-safety,' and/or 'fire hazard' inspection." Pl's. Mot. 1:25-2:2. Defendants have entered plaintiff's apartment on three or four occasions since the alleged harassment began. In November 2005, agents of defendants allegedly entered plaintiff's apartment and threatened plaintiff's grandson that they planned to install video cameras in the apartment because plaintiff had refused to sign a new rental contract and consent to the "House Rules." FAC ¶ 51. On February 1, 2006, defendants sent plaintiff a "24-Hour Notice of Entry as Actual Purchasers (Civil Code § 1954(a)(2))," giving plaintiff notice that defendants would enter the apartment on February 8, 2006, in order "to supply necessary services, to wit, inspection of condition of the premises and testing of the smoke alarm system." Bradshaw Decl., Ex. B. Defendants did in fact enter plaintiff's apartment on February 8, 2006, during which they claim to have noticed "unsanitary and hazardous conditions" in the apartment. Molieri Decl. ¶ 4. Plaintiff alleges that during this entry, defendants took pictures of plaintiff's living room, bathroom, bedroom and personal effects. FAC ¶ 63. Plaintiff also alleges that defendants entered the apartment one day prior, February 7, 2006, in order to test the smoke detector and replace its battery. FAC ¶ 65. It is unclear whether plaintiff was present during or gave permission for this entry.     The final entry occurred on February 28, 2006, when one of the defendants conducted a "follow-up" inspection of the apartment, during which he took photographs of the allegedly hazardous conditions. Molieri Decl. ¶ 5.

On March 2 and March 17, 2006, presumably on the basis of the allegedly hazardous conditions, defendants issued to plaintiff separate three-day notices to quit for nuisance. Bradshaw Decl., Exs. 6-7. On March 25, 2006, defendants initiated an unlawful detainer action. Defendants subsequently accepted rent payments from plaintiff, thereby forcing defendants to dismiss the unlawful detainer case without prejudice, on or about June 9, 2006.

2

This action was filed in May, 2006. Since that time, defendants have again sought inspection of plaintiff's apartment, requesting, through plaintiff's counsel, that plaintiff allow inspection or provide photographs of the current state of the apartment interior. Plaintiff's counsel denied these requests, upon which defendants, on an *ex parte* basis, sought an order from the Court requiring plaintiff to provide access to or photographs of the apartment. Together with its opposition to defendants' application, Plaintiff filed an application for a temporary restraining order. The Court denied both applications in its order of July 20, 2006.

## LEGAL STANDARD

The Court has the authority to grant a preliminary injunction in the exercise of its equitable powers. *See* Fed. R. Civ. P. 65. As the Court is acting in equity, the decision to enter a preliminary injunction is largely left to its discretion. *See Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1087 (9th Cir. 1989).

A plaintiff can demonstrate it is entitled to such preliminary relief in two ways. Under the "traditional criteria," a plaintiff must show: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Earth Island Institute v. U.S. Forest Serv.*, 442 F.3d 1147, 1158 (9th Cir. 2006). Alternatively, a plaintiff may establish "*either* a combination of probable success on the merits and the possibility of irreparable harm *or* that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.* (emphasis in original). The two formulations of the alternate test "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1155 (9th Cir. 2006). However, in any situation, the Court must find "that there exists a significant threat of irreparable injury." *See Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) (citing cases).

In addition to these factors, the Court must consider whether a proposed injunction would require excessive court supervision, or would otherwise be unenforceable. *See In re Estate of Ferdinand Marcos Human Rights Litig.*, 94 F.3d 539, 545 (9th Cir. 1996); *Natural Res. Def. Council, Inc v. U.S.*

3

1  *EPA*, 966 F.2d 1292, 1300 (9th Cir. 1992).  The Court may deny injunctive relief if it would require
2  "constant supervision" by the Court.  *See* 966 F.2d at 1300.

## DISCUSSION

Since the institution of this action on May 9, 2006, defendants have sought once again to inspect plaintiff's apartment.  These efforts make clear a continued desire by defendants to enter (or photograph) the apartment.  The manner in which defendants have acted on this desire most recently, however, precludes a finding of a significant threat of imminent, irreparable harm. Since institution of this suit, defendants appear to have acted on their desire to inspect plaintiff's apartment only with an abundance of caution, seeking – albeit without success – permission from plaintiff's counsel and the Court.  While certain unauthorized or pre-textual entries of plaintiff's apartment might constitute an irreparable violation of plaintiff's legal rights, no threat of such entry appears imminent, and preliminary injunction must therefore be denied.  *See Oakland Tribune*, 762 F.2d at 1376.

In addition to a failure to show a significant threat of immediate irreparable injury, plaintiff's motion must be denied because enforcement of the proposed injunction would require excessive supervision of the Court and would otherwise be unenforceable.  *See Marcos*, 94 F.3d at 545; *Natural*, 966 F.2d at 1300 (9th Cir. 1992).  Plaintiff seeks to enjoin defendants from "entering Plaintiff's dwelling . . . under the pretext of a 'nuisance,' 'life-safety,' and/or 'fire hazard' inspection."  The Court is in a poor position to enforce such a vaguely worded, subjective prohibition; enforcement would require extensive inquiry into defendants' mind-state and motive any time they wished to conduct a safety inspection of their properties.  Moreover, the California Civil Code provides plaintiff with ample protection from harassing or "pretextual" inspections.  *See* Cal. Civ. Code § 1954.  In addition to narrowly limiting the cases in which a landlord may enter the dwelling unit of a tenant, the Code also provides that "[t]he landlord may not abuse the right of access or use it to harass the tenant."  *Id.* § 1954(c).  Plaintiff is thus protected from any past or future harassing, abusive, or "pretextual" inspections, even without the requested preliminary injunction.

Accordingly, the Court DENIES plaintiff's motion for preliminary injunction.  However, at the case management conference, counsel shall be prepared to discuss a plan to provide defendant such

4

access as it reasonably needs for safety purposes without undue intrusion on plaintiff's quiet enjoyment of the apartment and without the need for further Court intervention.

**IT IS SO ORDERED.**

Dated: September 7, 2006

SUSAN ILLSTON
United States District Judge

5